IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-HC-2120-M

CARL COLEMAN,                )
                             )
        Petitioner,           )
                             )
v.                           )        ORDER
                             )
WARDEN SCARANTINO,           )
                             )
        Respondent.           )

Petitioner, a federal inmate proceeding pro se, filed this action pursuant to 28 U.S.C. § 2241. This action is before the court on respondent's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (D.E. 7). Petitioner responded to respondent's motion. For the reasons discussed below, the court grants respondent's motion.

BACKGROUND

On September 4, 2001, a grand jury in the Northern District of Georgia indicted petitioner on five counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm during each of the robberies, in violation of 18 U.S.C. § 924(c). United States v. Coleman, No. 1:01-CR-527-CAP-GGB-1 (N.D. Ga. Sept. 4, 2001) ("Coleman I"); Coleman v. Warden, No. 5:11-CV-409-EAK-PRL, p. 2 (M.D. Fla. Oct. 8. 2013) ("Coleman II")). A jury found petitioner guilty of one count of Hobbs Act Robbery and one count of possession of a firearm during the commission of a robbery. Coleman II, p. 2 (Oct. 8, 2013). On April 22, 2002, pursuant to a plea agreement, petitioner pleaded guilty to a criminal information charging him with one count of possession of a firearm by a felon in exchange for the dismissal of the remaining robbery and

firearm counts. United States v. Coleman, No. 1:02-CR-262-CAP-1 (N.D. Fla. Apr. 22, 2002); Coleman II, p. 2 (Oct. 8, 2013). On August 30, 2002, petitioner was sentenced to the following terms of imprisonment to be run consecutively: (1) 172 months for Hobbs Act robbery; (2) 120 months for possession of a firearm during the commission of a robbery; and (3) 84 months for possession of a firearm by a felon. Coleman I (Aug. 30, 2002); Coleman II, p. 2 (Oct. 8, 2013). The remaining counts were dismissed. Coleman I (Aug. 30, 2002); Coleman II, p. 2 (Oct. 8, 2013).

On October 4, 2002, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the court denied on March 4, 2003. Coleman I (Oct. 4, 2002, Mar. 4, 2003); Coleman II, p. 2 (Oct. 8, 2013).

On May 28, 2021, petitioner filed the instant action pursuant to 28 U.S.C. § 2241 alleging the following: (1) petitioner's attorney was ineffective leading to petitioner's guilty plea not being knowing and voluntary; (2) in light of Begay v. United States, 553 U.S. 137 (2008), his prior convictions for robbery and possession with intent to distribute heroin no longer qualify as career offender predicates and, thus, cannot be used to enhance his sentence as a career offender; and (3) in light of Alleyne v. United States, 570 U.S. 99 (2013), petitioner's sentence including brandishing a firearm was unconstitutional where the jury did not make a determination as to brandishing (Pet. (D.E. 1) at 6–7; Mem. in Supp. of Pet. (D.E. 1-1) at 3–8).

The court allowed the action to proceed on April 5, 2022. On April 26, 2022, respondent filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (Resp. Mot. Dismiss (D.E. 7)). Petitioner responded in opposition on May 13, 2022.

2

COURT'S DISCUSSION

A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction–a court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When considering a motion to dismiss for lack of subject-matter jurisdiction, "[t]he district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Moreover, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See id.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the petition's legal and factual sufficiency. See Iqbal, 556 U.S. at 677–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); see also Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("[A motion to dismiss] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

3

B.  Analysis

In the instant case, petitioner attacks the validity of his sentence, not its execution. Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). However, prisoners that are "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

Because petitioner challenges the validity of his conviction and sentence, not his sentence's execution, he generally must seek relief under § 2255. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008). Petitioner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the savings clause of 28 U.S.C. § 2255(e)). The United States Court of Appeals for the Fourth Circuit has recognized two distinct § 2255(e) "savings clause" tests. Farkas v. Butner, 972 F.3d 548, 560 (4th Cir. 2020).

Under the § 2255(e) savings clause, § 2255 relief is inadequate or ineffective to challenge a criminal conviction if:

> (1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Prousalis, 751 F.3d at 275 (citing In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)).

Section 2255 inadequate or ineffective to test the legality of a sentence when:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court

4

established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019).

Because the § 2255(e) savings clause is a jurisdictional provision, the court lacks jurisdiction to consider a § 2241 petition on the merits unless the petitioner satisfies the requirements of one of these two savings clause tests. Id. at 423; see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). When evaluating claims under the savings clause, courts apply the substantive law of the circuit where the petitioner was convicted. Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 572 (4th Cir. 2021); Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019). Accordingly, this petition is governed by the Fourth Circuit's procedural law but the Eleventh Circuit's substantive law.

Here, the court first addresses petitioner's challenge to his conviction because of alleged ineffective assistance of counsel. (Pet. (D.E. 1) at 6–7). Petitioner has not satisfied the second element of the Jones test because he failed to demonstrate a change in law rendering the conduct of which he was convicted non-criminal. See Jones, 226 F.3d at 333–34.

The court next addresses petitioner's challenges to his sentence and finds petitioner has not satisfied the second element under Wheeler. Petitioner argues that, in light of Begay v. United States, 553 U.S. 137 (2008), his state convictions for robbery in Virginia and possession with intent to distribute a controlled substance in Georgia are no longer predicate offenses for the career offender enhancement utilized by the court at sentencing. (Mem. in Supp. of Pet. (D.E. 1-1) 3–8). However, Begay addresses the constitutionality of the residual clause in the Armed Career

5

Criminal Act and does not pertain to those sentenced as career offenders. See 553 U.S. at 139–40. Moreover, petitioner's convictions in Virginia and Georgia remain predicate offenses for the career offender enhancement. United States v. Davis, 708 F. App'x 767, 769 (4th Cir. 2017) ("Although we recently held in United States v. Winston, 850 F.3d 677, 685 (4th Cir. 2017), that a conviction for Virginia common law robbery does not qualify as a violent felony under the Armed Career Criminal Act, such a conviction remains a qualifying career offender predicate under the residual clause of the career offender guideline."); United States v. Stevens, 654 F. App'x 984, 987 (4th Cir. 2016) ("Here, the undisputed facts in Stevens's PSI show that Stevens was convicted under Georgia law of possession with intent to distribute marijuana. . . . Stevens's 2003 conviction thus satisfies each of the criteria under the Guidelines' definition of a 'controlled substance offense.'").[1]

Regarding petitioner's assertion that, pursuant to Alleyne, he was improperly sentenced for use of a firearm during a crime of violence, Alleyne does not apply retroactively on collateral review and cannot satisfy the second element of Wheeler. See Chester v. Warden, 552 F. App'x 887, 891 (11th Cir. 2014) ("[B]ecause it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review."); see also Jones v. Zych, 812 F. App'x 115, 121, 125 (4th Cir. 2020) (concluding Alleyne does not apply retroactively on collateral review). Accordingly, the court concludes it lacks subject matter jurisdiction in this action.

Reviewing the claims presented in the petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See

---

[1] Petitioner also appears to rely on United States v. Hadley, 389 F. Supp. 3d 1043 (M.D. Fla. July 24, 2019), for the assertion that his sentence is invalid and cites the case without argument or explanation. (Pet. (D.E. 1) at 7). Hadley addresses a motion for reduction of sentence pursuant to the First Step Act of 2018 and is not relevant to the relief petitioner seeks pursuant to § 2241.

6

Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the court GRANTS respondent's motion to dismiss (D.E. 7) and DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of March, 2023.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge

7